Sandra L. DI TOMMASO, Plaintiff,

v.

The BOEING COMPANY,
et al., Defendants.

Civ. No. 95–1327(DRD).

United States District Court,
D. Puerto Rico.

Nov. 29, 1995.

Richard Schell–Asad, Francisco M. Troncoso–Cortes, Troncoso & Becker, San Juan, PR, for Sandra L. Di–Tommaso.

A.J. Bennazar–Zequeira, Gonzalez, Bennazar, Garcia–Arregui & Fullana, Hato Rey, PR, for Boeing Company.

Luis R. Mellado–Gonzalez, San Juan, PR, for Weber Aircraft Special Products Division of Walter Kidde & Co., Inc.

## ORDER

DOMINGUEZ, District Judge.

Pending before the Court is defendant's, the Boeing Company (hereinafter referred to as "Boeing"), Motion to Dismiss (Docket No. 6) and Plaintiff's Opposition thereto (Docket No. 15).

A stewardess of American Airlines filed the instant complaint for an accident she suffered when the jumpseat of the plane she was serving collapsed on landing in Puerto Rico. She has sued the manufacturer of the plane and the jumpseat.

### I. Time Bar Allegations

■ The manufacturer of the plane, defendant Boeing, firstly, alleges that the complaint is time barred, because the accident object of the case occurred on October 3, 1993 and the complaint was not filed until March 16, 1995. Although the statutory period is one year, Article 1868 of the Civil Code, P.R.Laws Ann.Tit. 31 Sec. 5298(2), the period has been tolled by disposition of the Puerto Rico Workmen Compensation Act, 11 LPRA Sec. 32 because plaintiff received medical treatment until March 17, 1994, Decision of the State Insurance Administrator dated March 17, 1994. Pursuant to *Tropigas de P.R. v. Tribunal Superior*, 102 D.P.R. 630 (1974) the one-year period is tolled until the worker receives the final decision from the State Insurance Fund and commences to run anew on a said date. Since Plaintiff filed on March 16, 1995, the complaint is not time barred. (See Marginal Order of August 10, 1995 at Docket No. 6).[1]

### II. In Personam Jurisdiction

■ Defendant Boeing also alleged lack of in personam jurisdiction because although "Boeing" manufactured and delivered the plane in Seattle Washington and has its business in the State of Washington, "Boeing had no part in the decision or the act to fly the aircraft to Puerto Rico or put it in the streams of commerce."

Boeing further avers that it is not registered to do business in Puerto Rico, nor has distributors, dealers, sales agents or employees in Puerto Rico.

Pursuant to the complaint it is alleged that the "jumpseat" used by Plaintiff stewardess in an American Airlines airplane manufactured by Boeing collapsed during landing causing damages to plaintiff.

■ In deciding an in personam jurisdiction challenge the Court must use Puerto Rico's Long Arm Statute. *Pizarro v. Hoteles Concorde Int.*, 907 F.2d 1256, 1258 (1st Cir.1990). Under Puerto Rico's Long Arm Statute the Court shall have jurisdiction over a non-domiciled person if said person "transacted business in Puerto Rico." The phrase "transacted business in Puerto Rico" has been interpreted to mean "the chain of a business transaction deliberately designed, or conscientiously used by the non resident to obtain benefit in our jurisdiction." *Siderúrgica v. Thyssen Steel Caribbean*, 114 D.P.R. 548 (1983). This District Court in *Borschow Hosp. & Medical Supplies v. Burdick–Siemens Corp.*, 143 F.R.D. 472, 482 (D.P.R. 1992), interpreting and citing *Ind. Siderúrgica v. Thyssen Steel Caribbean*, supra, followed the norm established by the Supreme Court in *Siderúrgica*, supra.

In *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) the Court expressly held that local forum states are authorized pursuant to the due process clause to "assert" personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by companies in the forum state. Following the lead of *World–Wide Volkswagen Corp. v. Woodson*, supra, in *Swank v. Carmona*, 603 F.Supp. 1092 (D.P.R.1985) the District Court of Puerto Rico authorized in personam jurisdiction over a defendant that delivers products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state.

1. The decision of the Administrator of the State Insurance Fund is not final until thirty days after the notification of the decision, that is until April 16, 1994; hence, the year commences to run after said date, *Tropigas de P.R.*, supra, p. 638.

■ Boeing in manufacturing a plane, parts thereof, or spare parts, and selling the same to American Airlines cannot avoid being subject to the jurisdiction of Puerto Rico, a place where American Airlines regularly flies. Boeing placed the airplane in the stream of commerce, although Boeing denies this fact, by selling the same to American Airlines; it is not illogical that consumers or workers in Puerto Rico where American Airlines regularly flies, the forum state, be potentially adversely affected by the plane placed on the stream of commerce by Boeing.

The forum state does not exceed its powers under the due process clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state.

*World–Wide Volkswagen Corp. v. Woodson,* supra.

■ The Court is of the opinion that Boeing has sufficient minimum contacts with the forum of Puerto Rico complying with the criteria of *A.H. Thomas v. Superior Court,* 98 PRR 864, 870 (1978). Three criteria have to be met.

(1) The defendant must perform an act or a transaction with the forum. It is not necessary that the activity be physically within the forum.[2]

(2) The cause of action must be one which arises out of, or results from, the activities of a defendant within the forum.[3]

(3) The assumption of jurisdiction must be consonant with the due process tenet of "fair play" and substantial justice.[4]

All three criteria are met under the facts narrated above.

The Court, thus holds that Boeing has "transacted business" in Puerto Rico. *Ind. Siderúrgica v. Thyssen Steel Caribbean,* su-

pra. The Motion to Dismiss based upon in personam lack of jurisdiction is **DENIED.**

**IT IS SO ORDERED.**

---

2. The transaction was the placing in the stream of commerce of a plane manufactured by Boeing, sold to American Airlines, an airline that regularly flies to Puerto Rico.

3. The cause of action is related to the manufacture of the plane and the landing of said airplane in Puerto Rico.

4. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *World Wide Volkswagen Corp. v. Woodson,* supra at p. 291, 100 S.Ct. at p. 564. Boeing should have known that American Airlines, the purchaser of the product, regularly flies to Puerto Rico and in fact has a hub in this forum.