David P. **HOULT**, Plaintiff, Appellant,

v.

Jennifer **HOULT**, Defendant, Appellee.

No. 97–2000.

United States Court of Appeals,
First Circuit.

Heard April 7, 1998.

Decided Oct. 9, 1998.

Edward J. Collins for appellant.

Kevin P. O'Flaherty with whom Adrienne M. Markham and Goulston & Storrs, P.C. were on brief for appellee.

Before TORRUELLA, Chief Judge, ALDRICH, Senior Circuit Judge, and BOUDIN, Circuit Judge.

BOUDIN, Circuit Judge.

In July 1988, when she was 27 years old, Jennifer Hoult brought suit in the district court against her father, David Hoult, alleging assault and battery, intentional infliction of emotional distress, and breach of fiduciary duty. To support these claims, she alleged that her father had sexually abused, raped and threatened her from the time that she was about four years old until she was about sixteen years old.

The statute of limitations presented an obvious obstacle. Jennifer Hoult sought to overcome it by showing that the alleged abuse caused her to repress her memory of the events until she began to recapture those memories during therapy sessions in October

1985. *See* M.G.L. 260 § 4C. The claim of repressed memory was supported at trial by testimony from a psychiatrist, Dr. Renee Brandt, who appeared as an expert witness on repression caused by traumatic abuse.

In June 1993, the district court conducted an eight day jury trial in which Jennifer Hoult testified at length, giving detailed descriptions of extensive alleged abuse by her father; in addition to other forms of abuse, she testified to five specific episodes of rape. Supporting testimony was provided by her former therapist and by Dr. Brandt. In defense, David Hoult testified on his own behalf, flatly denying the allegations, but presented no other witnesses.

On July 1, 1993, the jury returned a verdict in favor of Jennifer Hoult and ordered damages in the amount of $500,000. This verdict was preceded by a separate finding by the jury rejecting the statute of limitations defense; in effect the jury found that Jennifer Hoult had repressed memory of the abuse until it was rediscovered within the limitations period. David Hoult appealed both from the judgment against him and the denial of a motion for a new trial, but both appeals were ultimately dismissed for lack of prosecution.[1]

Later, Jennifer Hoult wrote letters to several professional associations in which she repeated the charge that her father had raped her. David Hoult then brought the present action in the district court against Jennifer Hoult, claiming that her charge of rape against him was defamatory. Jennifer Hoult moved to dismiss on the ground that the jury verdict in her earlier assault action had determined that David Hoult had raped her and that David Hoult was barred by collateral estoppel from relitigating this finding.

Initially, the district court denied the motion to dismiss, saying that the evidence adduced at the trial could have led the jury to impose liability because David Hoult had sexually abused Jennifer Hoult "in ways that did not amount to rape" or could even have done so on the basis of Jennifer Hoult's testimony that David Hoult had "threatened her with murder, chased her around the house with a knife, and fondled her in a sexual manner, among other incidents of violence and assault."

By motion for reconsideration, Jennifer Hoult argued that the jury's finding of repression, in rejecting the statute of limitations defense, was necessarily based on Dr. Brandt's expert opinion that the repression required "repeated acts" of sexual abuse; and the only repeated acts of sexual abuse (Jennifer Hoult argued) were her descriptions of five separate incidents of rape. Accepting this argument, the district court allowed Jennifer Hoult's motion to dismiss the action, and David Hoult now appeals.

■ The governing legal doctrine of collateral estoppel, which we briefly summarize, is largely undisputed; the problem is one of applying the doctrine to this case. Because the prior judgment was a federal court judgment, we look to federal law for its preclusive effect. *See Johnson v. SCA Disposal Servs.*, 931 F.2d 970, 974 (1st Cir.1991). Subject to certain exceptions, the general rule on "issue preclusion" is as follows:

> When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

*Restatement (Second) Judgements* § 27 (1982). Neither side disputes that this formulation sets forth the governing law.

■ David Hoult does not invoke any of the various exceptions, *see Restatement (Second), supra*, § 28, but instead says—as did the district judge in his original order refusing to dismiss—that there is no proof that the jury ever determined that David Hoult had committed the alleged rapes. The burden is upon Jennifer Hoult, as the party invoking collateral estoppel, to establish that

---

1. A year after the judgment, David Hoult filed a motion to vacate the judgment under Rule Fed. R.Civ.P. 60(b), primarily attacking the trial court's decision to allow Dr. Brandt to testify on repressed memory. The motion was denied and, when David Hoult appealed this denial, this court affirmed. *Hoult v. Hoult*, 57 F.3d 1 (1995).

the jury did so determine in the original action. *See Commercial Associates v. Tilcon Gammino, Inc.,* 998 F.2d 1092, 1098 (1st Cir.1993).

▆▆ Admittedly, the jury made no explicit finding that rapes occurred. Nevertheless, "[a]n issue may be 'actually' decided [for collateral estoppel purposes] even if it is not *explicitly* decided, for it may have constituted, logically or practically, a necessary component of the decision reached." *Dennis v. Rhode Island Hospital Trust National Bank,* 744 F.2d 893, 899 (1st Cir.1984). The court in the second case may examine the full record in the earlier one to decide "whether a rational jury could have grounded its verdict upon an issue other than that which the [moving party] seeks to foreclose from consideration." *Ashe v. Swenson,* 397 U.S. 436, 444, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970).

Whether the jury did find, or must have found, rape in the earlier trial is perhaps a question of fact. But where (as here) the question is answered by looking only at the paper record of the earlier trial, appeals courts tend to review the district court ruling *de novo.*[2] The more difficult threshold issue is *how clear* it must be that the jury found the fact in question. The maxim of Lord Coke which is sometimes quoted by courts is that "an estoppel must 'be certain to every intent.'" *Russell v. Place,* 94 U.S. (4 Otto) 606, 610, 24 L.Ed. 214 (1876).

This is more demanding than the "more likely than not" standard commonly applied in civil matters, but sensibly so. Telling a party that it cannot prove or contest a fact of importance in the case at hand is a severe measure. Courts have been willing to take that step only where it is certain that the issue has already been decided in a prior case (normally one involving the same parties), and even then there are numerous escape hatches. *Restatement, supra,* § 27.

▆▆ Confronted with a general verdict in the earlier case, courts commonly ask whether a finding was "necessary" to the judgment, and answer the question by looking primarily to the instructions and the result. But a finding is "necessary" if it was central to the route that led the factfinder to the judgment reached, even if the result "could have been achieved by a different, shorter and more efficient route." *Commercial Associates v. Tilcon Gammino, Inc.,* 998 F.2d 1092, 1097 (1st Cir.1993). And in deciding whether the jury did make and rest centrally upon a finding not expressly made, it is proper to consider—as *Dennis* said—not only what was "logically" but also what was "practically" a "necessary component of the decision reached." *Dennis,* 744 F.2d at 899.

Here, the rape charges were the centerpiece of Jennifer Hoult's case. In the opening statement, her counsel said that Jennifer Hoult would have to live with her "memories of the rape, torture, and sexual abuse" by her father and that her father had had "intercourse" with her. Defense counsel answered that Jennifer Hoult could not have been "raped by her father some 3,000 times," as she had once claimed, and he promised evidence to show the unlikelihood that numerous rapes could have occurred without detection by other family members.

Jennifer Hoult then testified specifically to five incidents of rape and said that there were other like rapes whose details she could not recollect. On cross-examination by defense counsel, she said:

> I know based on the specific memories that I have of him attacking me and based on my perceptions, and memories of my life as a whole that he assaulted me regularly, and that rape, even the narrower definition [simple sexual intercourse] was a regular part of the way that he assaulted me.

In closing argument, defense counsel—who argued first—said at the outset:

> Specifically, Jennifer alleges that her father sexually abused her. More specifically, Jennifer claims that her father raped her, and I will call your attention now, as I did in my opening statement, that Jennifer

---

**2.** *See Sunkist Growers, Inc. v. Fisher,* 104 F.3d 280, 284 (9th Cir.1997); *Connors v. Tanoma Mining Co.,* 953 F.2d 682, 684 (D.C.Cir.1992); *Dixie National Life Insurance Co. v. McWhorter,* 887 F.2d 1564, 1566 (11th Cir.1989). *But see Precision Air Parts, Inc. v. Avco Corp.,* 736 F.2d 1499, 1502 (11th Cir.1984).

describes rape as forcible vaginal intercourse.

In response, Jennifer Hoult's counsel said: "And this is not about hugging and kissing. She is claiming he assaulted her. He raped her. It's not inappropriate hugging and kissing."

A further consideration, stressed by the district court, is Dr. Brandt's testimony and the jury's finding on the statute of limitations. Dr. Brandt testified that repeated sexual abuse can cause repression of memory of the abuse and that Jennifer Hoult's symptoms "correlated" with such a syndrome. In finding that the statute of limitations had run, the only plausible explanation is that the jury accepted Jennifer Hoult's testimony as to the rapes, which were the salient and specific acts of repeated abuse to which she testified.

Theoretically, the jury could have concluded that Jennifer Hoult had made up or imagined the rapes, and it could then have found repressed memory and awarded the $500,000 judgment because of improper sexual fondlings and threats or acts of violence. But this is a wholly unrealistic assessment of a trial in which the rapes were the central and pivotal issue, the fondlings were the preface to the rapes, and the violence was connected to the rapes (either as part of the rapes or to encourage silence). In our view the jury necessarily decided that rapes had occurred.

The present law suit seeks, in the guise of a defamation action, to retry the central issue in the prior assault case between the same litigants. That issue—ultimately a credibility contest between the two opposing parties—was resolved by the jury at the first trial. Whether the jury was right or wrong, its decision about what happened is not now open to relitigation.

*Affirmed.*