**Charles PALMER, Plaintiff,**

v.

**RADISSON HOTEL INTERNATIONAL, et. al. Defendants.**

**CIV. No. 98–2094 (JP).**

United States District Court, D. Puerto Rico.

April 1, 1999.

---

5. Admittedly, deportation is a serious matter and a harsh consequence of a guilty plea. *U.S. v. Quin*, 836 F.2d at 656.

Enrique J. Mendoza Méndez, Mendoza & Bacó, San Juan, P.R., for plaintiff.

Angel M. Rivera Munich, Hato Rey, P.R., Carlos Martínez Texidor, Martínez Texidor & Fuster, Ponce, P.R., for defendant.

## *ORDER*

PIERAS, Senior District Judge.

### I. Introduction and Background

The Court has before it Defendants' Motion to Dismiss (docket No. 14), Plaintiff's Opposition to Motion to Dismiss (docket No. 20), Defendants' Reply to Plaintiff's Opposition to Motion to Dismiss (docket No. 35), Plaintiff's Supplementary Motion (docket No. 23), Plaintiffs' Motion to Submit Information as Per Court Order (docket No. 33), and Plaintiffs' Sur–Reply in

Further Opposition to Motion to Dismiss (docket No. 40).

Co-defendant American Parking Systems, later joined by Co-defendants Radisson Hotels International, CIGNA Insurance Company, Compañía de Fomento, Municipio de San Juan and Autoridad de Acueductos, move to dismiss Plaintiff Charles Palmer's action as time-barred. Plaintiff filed his Complaint with this Court on September 30, 1998 bringing claims under Article 1868 of the Puerto Rico Civil Code, P.R.Laws Ann. tit. 31, § 5298. Plaintiff alleges that on October 6, 1992, he was walking across the parking lot of the Radisson Normandie Hotel when he fell through a storm/sewer drain which collapsed beneath him. Plaintiff's Complaint states that the case was originally filed in the United States District Court for the Western Division of Missouri, *Palmer v. Radisson Hotels International,* 95–6077–CV–SJ–8, and that the case was transferred to the District of Puerto Rico, Civil No. 96–2132(DRD).

The Complaint further alleges that on February 27, 1998, Judge Domínguez entered judgment, dismissing the case without prejudice, and ruling that Plaintiff's claim was not time-barred because he had tolled the statute of limitations by the filing of a worker's compensation claim in Missouri. The Order further permitted Plaintiff to re-file his Complaint once Plaintiff's worker's compensation claim had been completed.

After Defendant filed its Motion to Dismiss in the instant case, the Court granted Plaintiff an extension of time to file his opposition motion, ordering Plaintiff to provide the Court with various documents and information, including information regarding the worker's compensation claim filed in Missouri. (Docket No. 21). The court was clear that it would utilize this information in its determination of the statute of limitations issue presented in Defendants' Motion to Dismiss. Therefore, the Court effectively notified the parties that it would be converting the Motion to Dismiss to a Motion for Summary judgment. *See* Fed.R.Civ.P. 12(b)(6); *Maldonado v. Domínguez,* 137 F.3d 1, 5–6 (1st Cir.1998).

## II. Discussion

### A. Parties' Arguments

Defendants' Motion to Dismiss states that the limitations period governing Plaintiff's claim is one year from the time Plaintiff became aware of his injuries, and thus, since his claim was originally filed three years after his injury, it is time-barred. Plaintiff argues in his Opposition Motion that the statute of limitations issue has already been resolved by Judge Domínguez's Order dismissing this case without prejudice, in the case initially filed in Missouri and transferred to Puerto Rico. Therefore, Plaintiffs argue that the issue is res judicata and need not be relitigated in this action.

Defendants counter this argument by asserting that a decision resulting from a motion to dismiss cannot be considered a decision on the merits, and thus, Judge Domínguez's order cannot have preclusive effect as they did not have a "full and fair opportunity" to litigate the issues in the previous case regarding the statute of limitations. In Plaintiff's Sur–Reply, Palmer focuses on the fact that Defendants never appealed the ruling by Judge Domínguez that his claim was tolled by the filing of a worker's compensation claim. Further, Plaintiff equates a statute of limitations ruling to a ruling on subject matter jurisdiction, stating that a dismissal for lack of jurisdiction is binding on the jurisdictional question, even if it is not an adjudication on the merits of the case.

### B. The Preclusive Effect of the Prior Ruling on the Statute of Limitations Issue

■ The prior judgment in this case was a federal district court judgment, and thus, the Court must look to federal law, rather than state law, regarding res judi-

cata and the preclusive effect of Judge Domínguez's ruling on the statute of limitations issue. *See Hoult v. Hoult*, 157 F.3d 29, 31 (1st Cir.1998) (citing *Johnson v. SCA Disposal Servs.*, 931 F.2d 970, 974 (1st Cir.1991)). In their briefs, the parties based their arguments regarding res judicata on both the doctrines of claim preclusion and issue preclusion. The doctrine of claim preclusion, as described by the Restatement (Second) of Judgments involves "a valid and final personal judgment rendered in favor of the defendant [which] bars another action by the plaintiff on the same claim." *Rose v. Town of Harwich*, 778 F.2d 77, 79 (1st Cir.1985) (citing Restatement (Second) of Judgments §§ 19, 24(1) (1980)). "The claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *Id.*

■ The related doctrine of issue preclusion, which is sometimes referred to as collateral estoppel, prevents a party from relitigating an issue "that he fully and fairly litigated on a previous occasion." Restatement (Second) Judgments, ch. 1, scope (1982). The "general rule" on issue preclusion utilized in the First Circuit is also taken from the Restatement (Second) of Judgments and states:

> When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

*Hoult*, at 31 (quoting Restatement (Second) Judgments § 27 (1982)). The Court finds that the doctrine applicable to the case at bar is issue preclusion rather than claim preclusion. Plaintiff is asserting that the statute of limitations determination, resolved by Judge Domínguez in the previous action, has preclusive effect and bars a further re-examination of the issue of the running of the statute of limitations.

This argument falls squarely within the doctrine of issue preclusion and the Court shall analyze Plaintiff's claim under this standard.

■ When, as in the case at bar, the parties in a subsequent action are the same parties as in a previous action, a party seeking to utilize the doctrine of issue preclusion must establish the following:

> (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue must have been actually litigated; (3) the issue must have been determined by a valid and binding final judgment; and (4) the determination of the issue must have been essential to the judgment.

*Keystone Shipping Co. v. New England Power Co.*, 109 F.3d 46, 51 (1st Cir.1997) (quoting *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 30 (1st Cir.1994)).

■ The Court initially notes that the Complaint brought in the first action, transferred to Judge Domínguez from Missouri, involved the same Defendants and identical causes of action as the Complaint in the case at bar. Judge Domínguez issued an order dismissing the initial case based on a Motion to Dismiss brought by American Parking Systems arguing that under Puerto Rico law, Plaintiff's claim is time-barred. The Motion brought by American Parking in the first claim is essentially identical to the motion brought in this action, and was also joined by the other Co-defendants.

In ruling on the Motion to Dismiss, Judge Domínguez's Order was as follows:

> Pending before the court is Defendants' Motion to Dismiss, alleging that the instant action is time barred (Docket No. 25.) Said action was originally filed in the U.S. District Court for the District of Missouri, but transferred to the District of Puerto Rico pursuant to 28 U.S.C.A. § 1404(a). In cases transferred under § 1404, the applicable law is that of the transferor state. *Ferens v.*

*John Deere Co.,* 494 U.S. 516, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990). The applicable law in the instant tort action, hence is Missouri law, which establishes that the applicable law, including the statute of limitations, is that of the place where the tortious act occurred and where the damage can be ascertained. *Kennedy v. Dixon,* 439 S.W.2d 173 (Mo. 1969). Thus, Puerto Rico law and its one-year statute of limitations apply in the instant case. See P.R.Laws Ann., tit. 31 § 5298.

However, Plaintiff has already initiated a workers' compensation claim in Missouri. He could not have filed such a claim in Puerto Rico because, both he was not an employee and his employer was not insured in this jurisdiction. To date, there is no final determination regarding this claim. Puerto Rico law establishes that the statute of limitations is tolled by the filing of a workers' compensation claim, until he state insurance fund administrator enters its final determination. *Di Tommaso v. Boeing,* 909 F.Supp. 63 (D.P.R.1995); *Tropigas De Puerto Rico v. Tribunal Superior,* 102 P.R.Dec. 630 (1974). Therefore, the statute of limitations has been tolled and Plaintiff's claim is not time barred. Notwithstanding, the courts do not have jurisdiction over such claims until ninety days after the fund administrator's final determination. *Id.* Since Plaintiff's Missouri workers' compensation claim is still pending without a final determination as of yet, the instant claim is premature and the court must dismiss without prejudice.

(Docket No. 35). Regarding the first element required in the issue preclusion analysis, the issue sought to be precluded in the second case must be identical to the issue decided in the prior case. Based on an analysis of the record, the Court finds that the issue Plaintiff seeks to be precluded in the instant action regarding the statute of limitations is identical to the statute of limitations issue raised by Defendants in the first case.

In order to satisfy the second element of issue preclusion as enumerated in *Keystone Shipping,* the statute of limitations issue must have been "actually litigated." *Keystone Shipping,* 109 F.3d at 51. Defendants argue that they did not have a "full and fair opportunity" to argue the statute of limitations issue because "there are issues as to material facts that need to be brought before the trier of facts and the previous judgment was not rendered by the trier of facts on the merits." (Defs.' Reply Mot. at 7).

■ A ruling on a motion to dismiss, properly raised and submitted for determination, is "actually litigated" for the purposes of issue preclusion. *See id.* at 52; Restatement (Second) Judgments § 27, cmt. d. (1982). In the initial case, American Parking brought the Motion to Dismiss based on statute of limitations grounds, to which all Defendants' joined, and further, a Reply to Plaintiff's Opposition Motion was filed by CIGNA Insurance Company and Radisson Hotels International. Defendants' cannot assert that they did not have a chance to "actually litigate" an issue they themselves put forth and fully briefed in their Motion to Dismiss and Reply Motion. Defendants had the opportunity to present all their arguments on the Motion to Dismiss, and if they did not, they cannot expect the Court to give them a "second bite at the apple" at this stage. Thus, the Court finds that the statute of limitations issue was "actually litigated" for the purposes of issue preclusion.

The third element of issue preclusion requires an issue to have been determined by a valid and binding final judgment. In the first case, the Complaint was dismissed without prejudice because the complaint was premature. As Judge Domínguez stated in his order, the court "does not have jurisdiction over such claims until ninety days after the fund administrator's final determination." Thus, although ruling that the statute of limitations had been

tolled and Plaintiff's claim was not time-barred, Judge Domínguez dismissed the claim to allow the plaintiff to re-file after the jurisdictional prerequisite of a ninety day period after the fund administrator's final determination had lapsed.

A final judgment is one that "includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." Restatement (Second) Judgments § 13 (1982). Plaintiff asserts that the judgment is final because Defendant did not appeal the averse ruling against them regarding the statute of limitations issue, and Defendants counter that because the ruling was favorable to them, they could not appeal.

The judgment entered by Judge Domínguez was only partly favorable to Defendants. Defendants had sought a dismissal with prejudice, while the court granted a dismissal without prejudice, ruling in favor of Plaintiff as to the statute of limitations issue. A judgment is final if it is not appealed. *See Cadorette v. U.S.*, 988 F.2d 215, 222 (1st Cir.1993). A party obviously cannot appeal a decision entirely in its favor, but can appeal "from the parts of a generally favorable order that are unfavorable." *LaBuhn v. Bulkmatic Transport Co.*, 865 F.2d 119, 122 (7th Cir.1988). Thus, since Defendants did not appeal the statute of limitations determination, it is considered a final judgment for the purposes of issue preclusion. *See Cochran v. M & M Transp. Co.*, 110 F.2d 519, 523 (1st Cir.1940); *Shaw v. Merritt–Chapman & Scott Corp.*, 554 F.2d 786, 789 (6th Cir.1977).

The final issue the Court must address in determining if Judge Domínguez's decision is to be given preclusive effect is whether the statute of limitations determination was essential to the judgment. An issue is "essential" if it is "logically or practically, a necessary component of the decision reached in the prior litigation" *Grella*, 42 F.3d at 31. The Court squarely addressed two issues in its ruling on Defendants' Motion to Dismiss—whether Plaintiff's claim was time-barred and whether the Court could hear the claim while the worker's compensation case was pending. The statute of limitations ruling was essential to Judge Domínguez's decision to dismiss the claim without, rather than with, prejudice.

### III. Conclusion

For the reasons stated above, the Court finds that Judge Domínguez's decision that the statute of limitations was tolled by Plaintiff's filing of a worker's compensation claim is to be given preclusive effect. Therefore, Defendants' cannot re-litigate the statute of limitations issue at this stage. The Court hereby **DENIES** Defendants' Motion to Dismiss.

IT IS SO ORDERED.