Jose Miguel CARBALLO–
RODRIGUEZ, et al.,
Plaintiffs

v.

CLARK EQUIPMENT COMPANY,
et al., Defendants

No. CIV. 99–1446(JP).

United States District Court,
D. Puerto Rico.

June 6, 2001.

Vicente Santori–Coll, Hato Rey, PR, Jorge M. Torres–Gómez, Hato Rey, PR, for Plaintiff.

Ramón L. Viñas–Bueso, Rivera Tulla & Ferrer, Hato Rey, PR, for Defendants.

### OPINION AND ORDER

PIERAS, Senior District Judge.

## I. INTRODUCTION

The Court has before it Plaintiffs' Motion for Partial Summary Judgment (Defect Issue) (docket No. 130), and Defendants Clark Equipment Company ("Clark"), Ingersoll–Rand Company, Volvo Construction Equipment North America, Inc., and the Dial Corporation's ("Dial") Opposition thereto (docket No. 145). Plaintiffs assert that the issue of defect had been resolved previously in the case of *Clark Equipment Co. v. The Dial Corp.*, Civil No. 90 C 524, in the U.S. District Court for the Northern District of Illinois. Pursuant to the doctrines of issue preclusion and judicial estoppel, Plaintiffs seeks a ruling that, as a matter of law, Defendants are collaterally estopped from litigating the failure to provide adequate warnings, and judicially estopped from denying a design defect in the hoist brake latch mechanism.

## II. DISCUSSION

### A. Doctrine of Issue Preclusion

 The doctrine of issue preclusion, sometimes referred to as collateral estop-pel, prevents a party from relitigating an issue that was fully and fairly litigated on a previous occasion. *See* Restatement (Second) Judgments, ch. 1, scope (1982). Under the doctrine of issue preclusion, "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979)); *see also Hoult v. Hoult*, 157 F.3d 29, 31 (1st Cir.1998) ("When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.") (quoting Restatement (Second) Judgments § 27). Important interests are served by issue preclusion; namely, it protects a party's adversaries from the expense of multiple lawsuits, conserves judicial resources, and enhances the legitimacy of the judicial system by minimizing the possibility of inconsistent decisions. *See Montana*, 440 U.S. at 153–54, 99 S.Ct. at 973–74. In determining whether to apply issue preclusion to a case, the Court must inquire: (1) whether the issues presented by this litigation are in substance the same as those resolved against Clark or Dial in the previous suit; (2) whether controlling facts or legal principles have changed significantly since the prior judgment; and (3) whether other special circumstances warrant an exception to the normal rules of preclusion. *Montana*, 440 U.S. at 155, 99 S.Ct. at 974–75. The Court rejects Plaintiffs' request to apply issue preclusion to the instant case based on the first inquiry. The issues

previously resolved against Clark or Dial in the previous litigation are not the same as those presented here. In *Clark Equipment Co. v. The Dial Corp.*, the court construed an indemnification agreement entered into between Clark and Dial to determine whether Dial had a duty to indemnify Clark for the settlement Clark entered into with John and Linda Morrie in the case of *Morrie v. Armour & Co.*, Civil No. C86434L in the U.S. District Court for the District of New Hampshire, and for attorneys' fees and costs incurred in that litigation. In *Clark Equipment Co.*, the issue that the court was called upon to resolve and actually did resolve was whether the *Morrie* case involved a products liability claim, thereby bringing it within the scope of the indemnification agreement, or a negligence claim; it never resolved whether Clark was *actually* negligent or failed to deliver adequate warnings. *See Clark Equipment Co. v. The Dial Corp.*, Civil No. 90 C 524, 1993 WL 278547 (N.D.Ill. Jul.20, 1993) (Memorandum Opinion & Order). Accordingly, the Court **DENIES** Plaintiffs' motion to apply the doctrine of issue preclusion in the instant matter. *See Greene v. United States*, 79 F.3d 1348, 1353 (2d Cir.1996) (refusing to apply collateral estoppel where same issue was not squarely presented, litigated, and resolved in the prior action).

### B. Judicial Estoppel

Plaintiffs' motion to apply the doctrine of judicial estoppel similarly fails. The doctrine of judicial estoppel prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken by it in the same or an earlier legal proceeding. *See Federal Deposit Ins. Corp. v. CNA Casualty of Puerto Rico*, 786 F.Supp. 1082, 1086 (D.Puerto Rico 1991) (Pieras, J.). The function of the judicial estoppel doctrine is to protect the integrity of the courts, because an effective legal system depends upon norms of candor and responsibility. *See Patriot Cinemas, Inc. v. General Cinema Corp.*, 834 F.2d 208, 214 (1st Cir.1987); *Hurd v. Di Mento & Sullivan*, 440 F.2d 1322 (1st Cir.1971). The doctrine has a limited application; it may be invoked only when the positions are truly inconsistent—that is, the truth of one must necessarily preclude the truth of the other. *See Federal Deposit*, 786 F.Supp. at 1086. Stated differently, in order to utilize the doctrine, "the two positions in question must be diametrically opposed." *Id.* (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure, § 4477 (1981)).

In the previous litigation, Clark and Dial were not litigating the merits of the claim of design defect in the hoist brake latch mechanism; rather, the issue involved the scope of the claim asserted in the *Morrie* suit. In the previous suit, Clark maintained that the *Morrie* plaintiffs were asserting a products liability claim against it. Conversely, Dial contended that the claim was one for negligence, thereby removing it from the indemnification agreement. Clark's and/or Dial's position, therefore, would be truly inconsistent only if, in the instant action, they made inconsistent expressions concerning the *nature of the claim* asserted in *Morrie*. *See id.* Because this is not the purpose for which Plaintiffs seek application of the doctrine of judicial estoppel, the Court hereby **DENIES** Plaintiffs' motion.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for partial summary judgment is hereby **DENIED**.

**IT IS SO ORDERED.**