_____

No. 96-1390

_____

In re: Gary Joe Dean;           *
Lucille M. Dean,                *
                                *
            Debtors.            *
                                *
----------------------          *
                                *
Denitia Nichols; Robert J.      *
Johnson; Ashley Investment      *
Services, Inc.; Genesis         *
Development Corporation;        *   Appeal from the United States
Premier Industrial Coatings,    *   District Court for the
Inc.; Global Traffic Service,   *   Western District of Arkansas.
Inc.; Global Industrial         *
Supplies, Inc.,                 *
                                *
            Appellants,         *
                                *
      v.                        *
                                *
William Randall Wright, Trustee *
for Gary Joe Dean & Lucille M.  *
Dean,                           *
                                *
            Appellee.           *

_____

            Submitted: November 22, 1996

                Filed: February 20, 1997
_____

Before RICHARD S. ARNOLD, Chief Judge, MAGILL, Circuit Judge, and SACHS,[1]
     District Judge.

_____

MAGILL, Circuit Judge.

_____

        THE HONORABLE HOWARD F. SACHS, United States District Judge
for the Western District of Missouri, sitting by designation.

The defendants in this 11 U.S.C. § 542 (1988) bankruptcy turnover proceeding, Robert J. Johnson, Denitia Nichols, and several corporations, appealed the adverse decision of the bankruptcy court[2] to the district court.[3] The district court affirmed the bankruptcy court's decision, and the defendants now appeal to this Court. The defendants argue that the bankruptcy court erred when it (1) denied the defendants' motion for bankruptcy court abstention to state court, and (2) entered an order restraining the defendants from disposing of assets prior to the entry of final judgment. The defendants also argue several other grounds for reversal. We affirm.

## I.

The underlying matter in this case is the Chapter 7 bankruptcy of Joe and Lucy Dean, the debtors, filed in July 1990. The bankruptcy court found that Joe Dean was defrauded by Johnson, who was Joe Dean's attorney, as well as by Johnson's legal secretary, Nichols.

The matter currently before this Court is the turnover proceeding filed by the trustee of the bankruptcy estate, William Randall Wright, on February 12, 1993, against Johnson and Nichols, as well as against certain corporate defendants, including Ashley Investment Services, Inc., Genesis Development Corporation, Premier Industrial Coatings, Inc., Global Traffic Service, Inc., and Global Industrial Supplies, Inc. The trustee is seeking the turnover of stock and certain assets of Hi-Tech Coatings, Inc. (Hi-Tech) and an accounting pursuant to § 542. See 11 U.S.C. § 542.

---

The Honorable James G. Mixon, Chief Bankruptcy Judge, United States Bankruptcy Court for the Western District of Arkansas.

The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

In response to the trustee's turnover request, the defendants filed a motion requesting bankruptcy court abstention and that the turnover proceeding be decided in state court. The bankruptcy court denied this motion and heard the turnover proceeding itself.

At the request of the defendants, the turnover trial was bifurcated. In the first phase, the bankruptcy court determined the ownership of the Hi-Tech stock and certain assets. The bankruptcy court entered an order on October 20, 1993, holding, inter alia, that (1) Johnson is the beneficial owner of all of the defendant corporations; (2) Johnson and Nichols conspired to defraud the debtor Joe Dean of his interest in Hi-Tech; (3) the debtors are the equitable owners of Hi-Tech; (4) the trustee is entitled to a turnover of all the shares of Hi-Tech from the defendants pursuant to 11 U.S.C. § 542; and (5) Nichols and Johnson must provide an accounting. See Bankr. Mem. Op. at 23-28 (Oct. 22, 1993). Furthermore, the bankruptcy court found that "irreparable injury may occur to the debtors' estate if Johnson, Nichols and the corporate defendants are not restrained from disposing of other assets or placing those assets beyond the reach of the trustee." Id. at 27. Accordingly, the bankruptcy court entered a restraining order enjoining Johnson, Nichols, and the corporate defendants "from disposing of any assets held either in their name or held equitably for them by another person." Id.

Before the second phase of the turnover trial was completed, the defendants filed a motion to lift the restraining order and grant them the authority to transfer assets so that they could pay their attorney. This motion was denied, and the defendants appealed this ruling to the district court.

The second phase of the turnover trial was the accounting phase. At the conclusion of this phase, the court entered judgment against Johnson for $643,654.00 and against Nichols for $248,097.55. Judgment was also entered against the corporate

-3-

defendants for $891,451.55.  See Bankr. Mem. Op. at 38 (July 29, 1994).
In addition, the court granted the trustee an equitable lien against
Nichols's homestead.  Id.

The defendants appealed these rulings as well as the amount of the
judgments entered against them to the district court.  The district court
affirmed.

## II.

The defendants argue that the bankruptcy court should have abstained.
While the district court had jurisdiction to review this issue, see 28
U.S.C. § 158(a) (1994), we do not.  See 28 U.S.C. § 1334(d) (1994).

We may not review a bankruptcy court's decision whether to abstain
from a proceeding if that proceeding is a core proceeding.  See 28 U.S.C.
§ 1334(c) and (d) (1994).  While the bankruptcy code does not define core
proceedings, 28 U.S.C. § 157(b)(2) (1994) provides a non-exclusive list of
proceedings that have been designated as core proceedings.  In particular,
this list includes as a core proceeding "orders to turn over property of
the estate . . . ."  28 U.S.C. § 157(b)(2)(E).

The proceeding before the bankruptcy court was an 11 U.S.C. § 542
turnover proceeding--that is, a proceeding used to effectuate the "turn
over [of] property of the estate . . . ."  28 U.S.C. § 157(b)(2)(E).  The
trustee instituted the turnover proceeding before the bankruptcy court in
order to bring the Hi-Tech stock and certain assets owned by the debtor
back into the bankruptcy estate. As such, it was a core proceeding.  See
id.; cf. In re Cassidy Land & Cattle Co., 836 F.2d 1130, 1133 (8th Cir.
1988) (holding that a turnover proceeding involving a mortgage foreclosure
that will result in assets being brought into the bankruptcy estate is a
core proceeding); In re Gallucci, 931 F.2d 738, 742 (11th Cir. 1991)

(holding that the debtor must have an interest in the property that is the subject of the turnover proceeding for it to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E)); In re Kinkaid, 917 F.2d 1162, 1165 (9th Cir. 1990) (noting that, where a trustee in a turnover proceeding is seeking property owned by the debtor (as opposed to merely property owed to the debtor), "determining the nature and extent of property of the estate is also a fundamental function of a bankruptcy court" and therefore the turnover action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (quotations and citations omitted)).

Consequently, because the turnover proceeding in this case was a core proceeding, we do not have jurisdiction to review the bankruptcy court's decision to refrain from abstaining.

## III.

The defendants argue that the bankruptcy court erred when it entered an order restraining them from disposing of any assets before final disposition of the turnover trial. The defendants assert that the bankruptcy court's restraining order amounted to the sort of improper, prejudgment sequestration prohibited by Fuentes v. Shevin, 407 U.S. 67 (1972). They rely on the fact that the second phase of the turnover trial, the accounting phase, had not yet been completed to argue that the court's restraining order was an improper prejudgment sequestration of their property. We disagree.

Fuentes is inapposite. In Fuentes, the Supreme Court struck as unconstitutional a Florida replevin statute that allowed a local sheriff to take property, without prior notice or a hearing of any kind, from a person accused of wrongfully holding that property. Id. at 96. In contrast, the defendants here had a full and fair opportunity to defend themselves before the bankruptcy court. It was only after the first phase of the turnover trial, which

established not only the defendants' wrongful conduct but also the egregious nature of that conduct, that the restraining order was entered. Furthermore, given the defendants' demonstrated proclivity for liquidating assets in order to hide them from the trustee, see Bankr. Mem. Op. at 27 (Oct. 22, 1993), the restraining order falls squarely within the ambit of 11 U.S.C. § 105(a) (1988), which allows the bankruptcy courts to "issue an order . . . that is necessary or appropriate to carry out the provision of this title." Thus, we conclude that the bankruptcy court's restraining order was not improper.

## IV.

The appellants bring to us a variety of other grounds for reversal. Having reviewed these grounds, we find them all to be meritless. See 8th Cir. R. 47B. Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.