**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 3 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

In re: MAGNOLIA GAS COMPANY,
L.L.C.,

     Debtor.
--------------------
ENERGY INCOME FUND, L.P.,

     Plaintiff-Appellant,

             v.

JERRY ESTES; ESTES
CONSTRUCTION COMPANY, INC.,

     Defendants,

and

LIBERTY SUPPLY, INC.,

     Defendant-Appellee.

No. 01-6001
(D.C. No. 00-CV-1041-R)
(W.D. Oklahoma)

---

In re: MAGNOLIA GAS COMPANY,
L.L.C.,

     Debtor.
--------------------
ENERGY INCOME FUND, L.P.,

     Plaintiff-Appellant,

             v.

AP SUPPLY COMPANY, INC.;
WILLIAMSON CONTRACTING
SERVICES, INC.; LES O'DANIEL, d/b/a
Engine Controls,

     Defendants,

and

HENRY ELECTRICAL
CONTRACTORS, INC.,

     Defendant-Appellee.

No. 01-6093
(D.C. No. 00-CV-1043-R)
(W.D. Oklahoma)

## ORDER AND JUDGMENT[*]

Before **EBEL,**[**] **McWILLIAMS,** and **BRISCOE,** Circuit Judges.

These consolidated appeals arise out of adversary proceedings initiated by plaintiff Energy Income Fund (EIF). EIF sought a ruling from the bankruptcy court that its pre-petition mortgage liens were superior to liens of the named defendants who held statutory mechanics and materialmen liens. Two of the named defendants, Liberty Supply, Inc., and Henry Electrical Contractors, Inc., are appellees in these appeals. The other defendants either settled or defaulted. See Answer Br. at 3. EIF appeals the district court's order affirming the bankruptcy court's denials of its motions for summary judgment.

## I.

Prior to the Chapter 11 filing, EIF was the primary creditor of Magnolia Gas Company, L.L.C., MKP Production Company, L.L.C., and Magnolia Gas Transmission Co., L.L.C. (collectively referred to as "debtors"). EIF had advanced almost $11 million

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable William J. Holloway, Jr., Circuit Judge, was a member of the panel that heard oral arguments in this case, but later recused himself. The Honorable David M. Ebel, Circuit Judge, has been designated as the third panel member. Judge Ebel has considered all of the filings in this case and has heard the tape of oral arguments.

for the debtors' acquisition and construction of an oil refinery in Lafayette County, Arkansas, and, in return, received a purchase money mortgage on the property. Appellees provided services and supplies to the debtors during construction and held statutory mechanics and materialmen liens under Arkansas law. After the debtors defaulted on payments for services and supplies, appellees filed actions in Lafayette County, Arkansas, to enforce their liens. However, the actions were stayed after the debtors filed for Chapter 11 bankruptcy. According to appellees' brief, the debtors owe them in excess of $700,000. See Answer Br. at 2.

During the bankruptcy action, the debtors sought to borrow additional funds from EIF. The bankruptcy court entered orders submitted by the debtors and EIF and they were sent by general mailing to the other creditors, including appellees. Four such orders were entered and sent to appellees: (1) Agreed Order Regarding Limited Use of Cash Collateral filed January 21, 1999; (2) Order Regarding Obtaining Credit Under 11 U.S.C. § 364 filed February 26, 1999; (3) Second Order Regarding Obtaining Credit Under 11 U.S.C. § 364 filed April 22, 1999; and (4) Third Order Regarding Obtaining Credit Under 11 U.S.C. § 364 filed May 20, 1999 (collectively referred to as "cash collateral orders"). Each of the cash collateral orders contained a statement that EIF held first priority perfected liens and security interests for pre- and post-petition loans in all of the assets of the debtors, including certain real estate in Lafayette County, Arkansas, and a refinery located thereon. Appellant App. at 3, 7, 14, 21. Nothing in the captions or the lead-in

statements in the orders suggested that lien priority among creditors was being re-established to place EIF's pre-petition lien priority *in front of* the mechanics and materialmen liens. Appellees did not object to or otherwise challenge the orders. In reliance upon the four cash collateral orders, EIF extended approximately $500,000 in post-petition financing to the debtors.

EIF filed adversary proceedings naming the holders of the statutory liens as defendants. EIF filed motions for summary judgment asking the bankruptcy court to find that the cash collateral orders established that EIF's lien in the pre-petition collateral had priority over the statutory liens held by defendants. The bankruptcy court denied EIF's motions for summary judgment. In doing so, the bankruptcy court found the language contained in the cash collateral orders was insufficient to provide notice to the other creditors and that binding the creditors to the language of those orders would violate their due process rights. Soon thereafter, defendants filed a motion pursuant to 28 U.S.C. § 1334(c) requesting that the bankruptcy court abstain from further consideration of the adversary proceedings in favor of state court proceedings pending in Arkansas. The bankruptcy court granted defendants' motion to abstain. EIF appealed both decisions to the district court and the decisions were affirmed. EIF appeals only the denials of its summary judgment motions to this court.

II.

Before we proceed to the merits, we must first satisfy ourselves that this court has jurisdiction over these appeals. In its opening brief, EIF asserted that this court has jurisdiction under 28 U.S.C. § 1291 to consider this appeal because it is an appeal from a final order of the district court. A decision is ordinarily considered final and appealable under § 1291 if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). At oral argument, we asked counsel whether the orders denying summary judgment in these cases were final appealable orders. See Whalen v. Unit Rig, Inc., 974 F.2d 1248, 1250-51 (10th Cir. 1992) (stating that, as a general rule, a denial of summary judgment is not reviewable on appeal).

EIF argues this court has jurisdiction because the district court's affirmance of the abstention order rendered the judgments final by, in effect, throwing the adversary proceedings out of federal court. Accordingly, EIF argues, this court has jurisdiction over the interlocutory denials of summary judgment because they involved a purely legal question. Appellees, on the other hand, contend this court is without jurisdiction to review the denials of summary judgment. Appellees argue the summary judgment orders merged into the abstention order, which was not appealed.

EIF relies upon an exception to the general rule that denials of summary judgment are ordinarily not reviewable on appeal. That exception is described in Wolfgang v. Mid-

5

America Motorsports, Inc., where this court stated that "when the material facts are not in dispute and the denial of summary judgment is based on the interpretation of a purely legal question, such a decision is appealable *after final judgment*." 111 F.3d 1515, 1521 (10th Cir. 1997) (emphasis added). EIF argues that the bankruptcy court's grant of defendants' motion to abstain was a final judgment, citing Quackenbush v. Allstate Ins. Co., 517 U.S. 706 (1996), and Moses H. Cone Mem' Hosp. v. Mercury Constr. Corp., 460 U.S. 1 (1983), and that after entry of the abstention order the interlocutory denials of summary judgment were appealable.

In Moses H. Cone, the federal district court stayed proceedings in its court, pursuant to the Colorado River doctrine,[1] in favor of a declaratory judgment action in state court involving a closely-related issue. Although recognizing the general rule that stays are ordinarily not final for purposes of appeal, the Supreme Court affirmed the Fourth Circuit's exercise of jurisdiction because "a stay of the federal suit pending resolution of the state suit meant that there would be no further litigation in the federal forum; the state court's judgment on the issue [of arbitrability] would be res judicata." 460 U.S. at 10. Thus, in Moses H. Cone, the Supreme Court created an exception to the general rule of non-appealability of stay orders. When a stay forces the plaintiff's case

---

[1] Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817-18 (1976) (announcing abstention doctrine under which a federal court may, in exceptional circumstances, dismiss a federal suit "due to the presence of a concurrent state proceeding for reasons of wise judicial administration").

"effectively out of court" by requiring "all or an essential part of the federal suit to be litigated in a state forum," or "when the sole purpose and effect of the stay are precisely to surrender jurisdiction of a federal suit to a state court," the order is final and, accordingly, appealable. Id. n.11.

In Quackenbush, the Supreme Court relied on its decision in Moses H. Cone and found a district court's remand to state court on Burford abstention grounds[2] was final and reviewable on appeal. The Court found the abstention "indistinguishable" from the stay order at issue in Moses H. Cone because the abstention put the litigants "effectively out of court" and surrendered jurisdiction of the federal suit to state court. 517 U.S. at 714. EIF argues that, like the stay and abstention involved in Quackenbush and Moses H. Cone, the bankruptcy court's abstention in this case rendered the judgments final and any prior interlocutory judgments (i.e., the denials of summary judgment motions on legal rather than factual grounds) became appealable. See Bowdry v. United Airlines, Inc., 58 F.3d 1483, 1489 (10th Cir. 1995).

Appellees remind the court that Quackenbush and Moses H. Cone involved appeals of the abstention orders. In this case, by contrast, the abstention order has not been appealed. Instead, only the interlocutory judgments (the denials of summary

_____

   [2] Burford v. Sun Oil Co., 319 U.S. 315 (1943) (allowing federal court sitting in equity to dismiss case that presents difficult questions of state law bearing on policy problems whose importance transcends result in case before federal court, or if adjudication in federal forum would disrupt state efforts to establish coherent policy on matter of substantial public concern).

judgment) have been appealed. This distinction is important because under this court's precedent, the interlocutory judgments merged into the final judgment, the order of abstention. Because 28 U.S.C. § 1334 prohibits appeals from orders of abstention, this court is also prohibited from reviewing an interlocutory judgment which is merged into an order of abstention.

EIF is prevented by § 1334 from appealing the district court's affirmance of the bankruptcy court's order abstaining in favor of the Arkansas proceedings. The adversary claims filed by EIF in bankruptcy court were "core proceedings" under the Bankruptcy Code. See 28 U.S.C. § 157(b)(2)(K) (including "determinations of the validity, extent, or priority of liens" as "core"). Thus, the bankruptcy court's decision to abstain was permissive rather than mandatory. See 28 U.S.C. § 1334(c)(1).[3]

> Any decision to abstain or not to abstain made under this subsection (other than a decision not to abstain in a proceeding described in subsection (c)(2)) is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title. This subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.

---

[3] In its order, the district court stated that "[a]lthough the determination of lien priority is a core proceeding, as noted by the other creditors, a bankruptcy court may abstain pursuant to 11 U.S.C. § 1334(c)(2) even in core proceedings." Appellant App. at 107. This is obviously a typographical error as 11 U.S.C. § 1334 does not exist. The applicable provisions are found under Title 28. Further, the permissive abstention provision is under subsection (c)(1). Subsection (2) provides for mandatory abstention in non-core, "related to" cases.

28 U.S.C. § 1334(d). Thus, if a proceeding is a "core proceeding," a court of appeals may not review a bankruptcy court's decision to abstain. See In re Dean, 107 F.3d 579, 581 (8th Cir. 1997).

Whether the denials of summary judgment are appealable here depends upon whether these interlocutory judgments merged into what EIF contends is a final judgment (the order granting abstention). See Mock v. T.G.&Y. Stores Co., 971 F.2d 522, 527 (10th Cir. 1992) ("The general rule is that interlocutory rulings merge into the final judgment of the court and become appealable only once a final judgment has been entered."). However, this court previously has ruled that if the final judgment itself is unappealable, the interlocutory ruling is rendered unappealable as well. See id. In Mock, the plaintiffs attempted to appeal the district court's interlocutory rulings, including the denial of prejudgment interest. However, the parties had entered into a consent judgment and the general rule is that such a judgment is unappealable. Because the interlocutory judgments had merged into the final unappealable judgment, the earlier rulings were deemed unappealable as well. Id. at 527.

In this case, the interlocutory denials of summary judgment are only appealable because they merged into the grant of abstention. However, the abstention ruling is unappealable, at least to the court of appeals.[4] Therefore, this court is also prevented

---

[4] This is the distinguishing fact which allowed the district court to decide the appeal of the interlocutory order. The district court was not statutorily prevented from hearing the appeal of the abstention. Thus, it could then also decide the merits of the

from reviewing interlocutory judgments which must rely upon the abstention ruling for finality. Although EIF argues that dismissing these appeals on jurisdictional grounds denies it the opportunity to obtain review of the bankruptcy court's denials of its motions for summary judgment, such a ruling by this court is dictated by the limitations on appellate jurisdiction contained in 28 U.S.C. § 1334(d).

These appeals are DISMISSED for lack of jurisdiction.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

denial of summary judgment under the rationale urged by EIF.

10