United States Court of Appeals
Fifth Circuit

**F I L E D**

June 19, 2003

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**For the Fifth Circuit**

No. 02-40994

In the Matter Of: BRISTOL RESOURCES 1994 ACQUISITION
LIMITED PARTNERSHIP; BRISTOL RESOURCES CORPORATION;
BRISTOL PRODUCTION CORPORATION, L.L.C.

Debtors.

STEPHEN E. JACKSON; STEPHEN E. HEYMAN; BRISTOL RESOURCES HOLDINGS,
INC.; BRISTOL RESOURCES REAL ESTATE HOLDINGS, INC.; STEPHENS
INVESTMENT COMPANY; STEPHENS PROPERTY COMPANY; BRISTOL AVIATION
SALES, L.L.C.; BRISTOL PRODUCTION COMPANY; AMERICAN CENTRAL GAS
TECHNOLOGIES COMPANIES, INC., formerly known as American Central Gas Companies,
Inc.; AMERICAN CENTRAL OIL CORPORATION; EL RENO OIL FIELD SERVICES, INC.;
BRISTOL-AMERICAN HOLDINGS, INC.; BRISTOL RESOURCES CANADA, INC.;
BRISTOL INVESTMENT COMPANY; BPC OPERATING COMPANY, INC.,

Appellants,

v.

NI FUEL COMPANY, INC., formerly known as NIPSCO Fuel Company, Inc.,

Appellee.

Appeal from the United States District Court
for the Southern District of Texas, Corpus Christi Division

Before KING, Chief Judge, DAVIS and BENAVIDES, Circuit Judges.

PER CURIAM:

Appellants appeal the district court's affirmance of the bankruptcy court's denial of their

Emergency Motion to Enforce Order Confirming Plan ("Motion to Enforce"). In the motion, the appellants sought to have the bankruptcy court determine whether any claims brought by NI Fuel Company, Inc. ("NI Fuels") in an action in Oklahoma state court were derivative claims belonging to Bristol Resources 1994 Acquisition Limited Partnership, Bristol Resources Corporation, or Bristol Production Corporation, L.L.C. (the "Bristol Debtors"). The Bristol Debtors were the debtors in a Chapter 11 bankruptcy proceeding that the bankruptcy court had administered culminating in the approval of an agreed upon plan of reorganization. Under the plan approved by the bankruptcy court, all derivative claims were released. NI Fuels submits that their claims are direct and therefore not barred by the releases.

The appellants had already unsuccessfully attempted removal of the Oklahoma state court case to the United States District Court for the Northern District of Oklahoma. The Oklahoma federal court, without identifying which claims were derivative and which were direct, transferred any derivative claims of the Bristol Debtors to the Southern District of Texas and remanded the remaining direct claims to the Oklahoma state court. The Tulsa County District Court Judge denied motions to dismiss the Oklahoma suit which were based on the appellants' allegations that NI Fuels had failed to allege any direct claims.

The bankruptcy court declined to resolve whether NI Fuels' claims were direct or derivative, stating:

> That is a state law question which the State Court judge in Oklahoma is perfectly capable of determining.
>
> . . . .
>
> In deference to the Magistrate Judge and the United State District Judge, and in the interest of comity with the Oklahoma State Court, this court will not second guess prior rulings. Judicial comity is defined as "the respect a court of one state or jurisdiction shows to another state or jurisdiction in giving effect to the other's

laws and judicial decisions." Black's Law Dictionary (7th ed. 1999). . . . . Neither the Report and Recommendation or the District Court Order adopting it inferred that the Bankruptcy Court would be the appellate authority over the Oklahoma State District Court and this Court will not do so.

The district court adopted the reasons stated in the bankruptcy court's decision and also made it clear that it was deferring to the Oklahoma state court:

> The Oklahoma state district court has accepted responsibility over this matter and has at this early juncture in the case determined that there are no derivative claims at issue. A ruling by this Court would be nothing more than appellate review of the Oklahoma state district court's decision on the matter. For the reasons stated in Judge Schmidt's order, this Court declines to make such a ruling.

Although neither court used the word "abstention," it is clear that they refrained from deciding the Motion to Enforce in deference to the Oklahoma state court, which is abstention. The district clearly had the discretion to do so under 28 U.S.C. § 1334(c)(1).[1]

Under 28 U.S.C. § 1334(d), "Any decision to abstain or not to abstain made under this subsection (other than a decision not to abstain in a proceeding described in subsection (c)(2)) is not reviewable by appeal or otherwise by the court of appeals."[2] Accordingly, this court has no jurisdiction to hear this appeal and NI Fuels Motion to Dismiss this appeal for lack of appellate jurisdiction is GRANTED.

---

[1] 28 U.S.C. § 1334(c)(1) reads - "Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

[2] Although § 1334(d) refers to a decision to abstain under this "subsection" which would refer to (d), the U.S. Code Annotated notes in a footnote that the reference should probably be to subsection (c). See also Colliers on Bankruptcy, § 305[6][a].