**In the Matter of CH PROPERTIES, INC., Debtor.**

**CH Properties, Inc., Plaintiff–Appellant,**

v.

**Comite De Vecinos De Isla Verde, et al., Defendants–Appellees.**

**Civil Nos. 06–1802(JAG), 06–2260(JAG).**

United States District Court, D. Puerto Rico.

Dec. 19, 2007.

Alexis Fuentes–Hernandez, Fuentes Law Offices, Colleen H. Johnson, Charles A. Cuprill–Hernandez, Charles A. Cuprill PSC, Fausto D. Godreau, Latimer, Biaggi, Rachid & Godreau, San Juan, PR, for Plaintiff.

Jose L. Gandara, Bauza & Gandara Law Office, Alicia M. Arana–Rivera, Charlotten & Arana PSC, Pedro J. Saade–Llorens, Raul O. Hernandez–Gonzalez, Pedro J. Varela–Fernandez, San Juan, PR, for Defendant.

Monsita Lecaroz–Arribas, U.S. Trustee Office, San Juan, PR, for U.S. Trustee.

### OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court are a set of consolidated bankruptcy appeals filed by CH Properties, Inc. ("CH" or "appellant"). For the reasons set forth below, the Court **DISMISSES** CH's appeals of the Bankruptcy Court's Opinions and Orders in Case 05–06118(ESL) and Case 06–00050(ESL).

## FACTUAL AND PROCEDURAL BACKGROUND[1]

These consolidated appeals arise from decisions of the United States Bankruptcy Court for the District of Puerto Rico in the case *In re CH Properties Inc.*, Case No. 05–06118(ESL), and in the adversary proceeding *CH Properties Inc. v. Comité de Vecinos de Isla Verde*, Case No. 06–00050(ESL).

The underlying bankruptcy case, *In re CH Properties Inc.*, Case No. 05–06118(ESL), commenced on July 1st, 2005, when CH filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101–1174. Since that date, CH has been managing its affairs as debtor in possession pursuant to 11 U.S.C. § 1107. On July 21st, 2005, CH filed a "Motion to Assume Lease," requesting the Bankruptcy Court to grant the assumption of a lease contract between CH and the Municipality of Carolina, by virtue of which CH would develop a condo-hotel project in the Isla Verde area of Carolina, Puerto Rico. CH claims that it is indispensable for its reorganization that it be allowed to assume the lease agreement, because said agreement is the principal asset of its estate. Comité de Vecinos de Isla Verde ("Comité" or "Appellee") and other parties opposed the request alleging that CH could not assume the lease agreement because, in order to do so, the agreement had to be valid and that, prior to the filing of the bankruptcy petition by CH, the lease agreement had been declared null and void *ab initio* by the Superior Court of Puerto Rico.[2]

On January 12th, 2006, the Bankruptcy Court issued an Opinion and Order to the effect that the lease agreement is the only asset of CH's estate, and that its validity at the time of the filing of the petition is essential for a determination as to CH's request to assume the lease agreement, as well as to CH's reorganization in bankruptcy. The Bankruptcy Court, however, decided to discretionarily abstain from considering the validity of the lease agreement until the issue was finally decided by the Courts of Puerto Rico.[3] It is uncontested that CH never appealed the Bankruptcy Court's Opinion and Order of January 12th, 2006. In fact, CH acknowledged that it opted not to appeal said decision. (Docket No. 21 at 3 ¶ 7).

On February 28th, 2006, the adversary proceeding *CH Properties Inc. V. Comité de Vecinos de Isla Verde*, Case No. 06–00050(ESL), was commenced when CH filed a complaint in Bankruptcy Court against: 1) Comité; 2) Amigos del Mar,

1. The following uncontested facts are taken from the Report and Recommendation. (Docket No. 27).

2. In its decision of June 5th, 2005, the Superior Court of Puerto Rico held that the lease agreement is null and void *ab initio* because the ninety-nine year length of the lease contract contravenes public policy. The Court noted that an essential element of a lease contract is that it be for a limited period of time, but the terms of the lease at issue was for such a long period, that it was essentially "for perpetuity." Further, "the Court found that the land at issue is [sic] the type that it [sic] is in the public domain because of its nature (beach), and because the common-

wealth government has designated it for the use of the general population." (Docket No. 27 at 2 fn. 1).

3. First Bank of Puerto Rico appealed the Superior Court's decision on the grounds that its due process rights as holders of a first mortgage on the leasehold associated with the parcel to be developed by CH had been violated. The Puerto Rico Court of Appeals reversed the decision of the Superior Court and remanded the case to the Superior Court for further proceedings consistent with the decision issued by the Appellate Court. Thus, the validity of the lease agreement and the ruling of the Superior Court are still unsettled.

Inc.; 3) Guardadores de Puerto Rico; 4) Ms. Maritza Bodee; 5) Mr. Osvaldo Romero; 6) Mr. Roberto Delgado; and 7) several unknown defendants. The complaint alleges that defendants invaded the parcel of land on which CH would develop its condo-hotel project, and that defendants were interfering with CH's possession and control of the strip of land. CH claims that defendants' alleged actions resulted in a deprivation of the use and enjoyment of said parcel and loss of income, and that these circumstances will lead to CH's demise as a debtor-in-possession and dooms its financial reorganization. CH thus requested: 1) that defendants be directed to turn over the possession of the land; 2) that defendants be found in breach of the automatic stay provided for in 11 U.S.C. § 362(a); 3) damages; and 4) injunctive relief.

On March 1st, 2006, CH filed a motion for preliminary injunction requesting an order enjoining the defendants from interfering with the possession and control of the disputed parcel, and instructing them to vacate said property. On June 30th, 2006, the Bankruptcy Court denied CH's request for preliminary injunctive relief. The Court noted that an adjudication of the injunction request would contravene its January 12th, 2006 decision in the underlying bankruptcy case of discretionarily abstaining from considering the validity of the lease agreement until the matter is finally decided by the Courts of the Commonwealth of Puerto Rico. On July 7th, 2006, CH filed in the Bankruptcy Court a Notice of Appeal from the order denying CH's request for injunctive relief. The Bankruptcy Court notified the parties that it had received the record on appeal, **assigning it case number *06–1802*.**[4]

Back in the underlying case (that is, *In re CH Properties, Inc.*, 05–6118(ESL)), CH filed a "Restated Motion to Assume Lease Contract" on October 9th, 2006. On October 25th, 2006, the Bankruptcy Court denied said motion, restating its reasoning for exercising discretionary abstention and noting, once again, that an adjudication of said request would contravene the January 12th, 2006 Opinion and Order. On October 31st, 2006, CH filed in the Bankruptcy Court another Notice of Appeal to the District Court, this time from the order denying CH's restated request to assume the lease agreement. On December 14th, 2006, the Bankruptcy Court transmitted the record on appeal, and the District Court acknowledged receipt of the appeal on the next day, **assigning it case number *06–2260*.**

On January 17th, 2007, at the request of Comité, the two appeals were consolidated in case 06–1802.[5] Subsequently, on January 31st, 2007, Comité filed a Motion to Dismiss the consolidated appeals alleging lack of jurisdiction pursuant to CH's fail-

---

**4.** The notification sent to the parties indicated that the District Court had received the record on appeal on August 18th, 2006, and that CH had to file its brief by September 5th, 2006. On October 4th, 2006, Comité moved for dismissal of the appeal because CH had not filed the brief by the deadline of September 5th, 2006. CH opposed the request on October 5th, 2006, alleging, *inter alia*, that the complexity of the issue on appeal had taken CH more time than expected, and requested that it be granted an extension of time until October 6th, 2006 to file its brief. On October 6th, 2006, CH filed its Appellant's Brief, and Comité its Appellee's brief on October 23rd, 2006. Thereafter, the Court denied Comité's motion to dismiss on November 7th, 2006. With prior leave from the Court, Comité filed an amended version of its Appellee's Brief on October 27th, 2006.

**5.** Since the appeals were consolidated and the issues raised in each of them are virtually identical, the Court will accept the brief filed by CH in the lead case and adopt it for both cases.

ure to comply with Fed.R.Bankr.P. 8002(a) and 8009. Comité essentially claims that the only matter raised in each of the appeals is the petition to overturn the Bankruptcy Court's Opinion and Order of January 12th, 2006, whereby said Court decided to abstain from considering the validity of the lease agreement pending a final disposition of that issue by the Courts of the Commonwealth of Puerto Rico. Thus, Comité contends that CH was required to file a notice of appeal of the abstention order by January 22nd, 2006, as required by Fed.R.Bankr.P. 8002(a). Comité further argues that CH cannot rely on appealing the June 30th and October 25th, 2006 decisions, which reiterate the Bankruptcy Court's determination to abstain, to indirectly appeal the January 12th, 2006 decision.[6]

On March 19th, 2007, CH filed an Opposition to the Motion to Dismiss. CH admits that it "chose not to challenge the January 12, 2006 order and decided to appeal the other two orders, which directly relate to the order of January 12, 2006, and most importantly, clearly restate the Bankruptcy Court's determination to exercise its discretionary abstention." (Docket No. 21 at ¶ 7). In addition, CH contends that the notices of appeal from the June 30th and October 5th, 2006 orders were filed within the term of ten days from the entry of each of those orders, as provided by Fed.R.Bankr.P. 8002(a). On March 28th, 2007, Comité filed a "Reply to Opposition to Motion to Dismiss" essentially restating the same arguments presented in the Motion to Dismiss.

The consolidated appeals were referred to Magistrate Judge Marcos E. Lopez for a Report and Recommendation. On Au-

gust 3rd, 2007, Magistrate Judge Lopez issued a Report and Recommendation to grant the Motion to Dismiss. The Magistrate Judge found that the Bankruptcy Court's decision to abstain under 28 U.S.C. § 1334(c)(1) "was reviewable by this Court, provided that CH complied with all the jurisdictional requirements" established by the Federal Rules of Bankruptcy Procedure. (Docket No. 27 at 13). However, the Magistrate Judge deemed it "evident" that the appeals from the June 30th and October 25th, 2006 decisions are, as a matter of fact, appeals from the January 12th, 2006, Bankruptcy Court's Opinion and Order. *Id.* at 10. Thus, the Report and Recommendation concludes that "in as much CH never filed a timely notice of appeal from the order dated January 12, 2006, nor requested an extension of time to do so, and considering that the timely filing of a notice of appeal is mandatory and jurisdictional, the Court does not have jurisdiction to review said appeal." *Id.* at 13.

On August, 13, 2007, CH filed timely objections to the aforementioned Report and Recommendation. (Docket No. 28). Afterwards, Comité duly responded to the objections raised by CH. (Docket No. 31).

On October 3, 2007, this Court issued an Opinion and Order adopting in part and rejecting in part Magistrate Judge Lopez's Report and Recommendation. This Court held that CH's appeals are timely and, as such, the Court has jurisdiction to pass upon them. Furthermore, the Court concluded that the gist of CH's appeals is whether the Bankruptcy Court erred in abstaining under 28 U.S.C. § 1334(c)(1). Moreover, the Court noted that the Bankruptcy Court's discretionary abstention de-

---

**6.** Comité also moved for the dismissal of the appeal 06–2260 because CH did not file its brief within the term of fifteen days after the entry of the notice of appeal on the docket of the District Court, as mandated by Fed. R.Bankr.P. 8009. For the reasons stated in footnote 5, the issue is now **MOOT.**

cision was deliberately not appealed by CH and thus became final.

The Court ordered CH to show cause why its consolidated appeals should not be dismissed under the doctrine of collateral estoppel. Specifically, CH was required to discuss whether it was precluded from relitigating the Bankruptcy Court's discretionary abstention through the "Restated Motion to Assume Lease Contract" in case 05–06118(ESL) and the request for injunctive relief in case 06–00050(ESL). Comité was also ordered to file a reply to CH's memorandum. (Docket No. 32).

On October 26, 2007, CH complied with this Court's order and filed its memorandum of law. CH contends that the collateral estoppel doctrine, premised on the Bankruptcy Court's abstention decision, is not applicable to the prosecution of the adversary proceeding in case 06–00050(ESL) and the Restated Motion in case 05–06118(ESL). According to CH, the collateral estoppel doctrine is inapplicable to the case at bar because the Bankruptcy Court's discretionary abstention is not a valid and final judgment and the parties are not the same for issue preclusion purposes.[7] (Docket No. 33).

On November 21, 2007, Comité replied to CH's memorandum and opposed CH's contention that the doctrine of issue preclusion is inapplicable to the present case. Comité alleges that the Bankruptcy Court's discretionary abstention is a final and binding decision and, as a result, the doctrine of issue preclusion bars the relitigation of said decision through CH's Restated Motion and request for injunctive relief. (Docket No. 38).

## STANDARD OF REVIEW

Appellate courts reviewing a bankruptcy appeal generally apply the "clearly erroneous" standard to findings of fact and *de novo* review to conclusions of law. *TI Fed. Credit Union v. DelBonis,* 72 F.3d 921, 928 (1st Cir.1995); *In re Savage Indus., Inc.,* 43 F.3d 714, 719–20 n. 8 (1st Cir.1994). Where the issue on appeal is essentially one of statutory interpretation, appellate courts review the issue *de novo. In re San Miguel Sandoval,* 327 B.R. 493, 506 (1st Cir. BAP 2005) (citing *Jeffrey v. Desmond,* 70 F.3d 183, 185 (1st Cir.1995)). In addition to the clearly erroneous and *de novo* standards of review, "[t]he appellate court in a bankruptcy appeal may apply an abuse of discretion standard of review of a decision or action by a Bankruptcy Court when such decision is within the discretion of the Bankruptcy Court." *Id.* (internal citations omitted).

## DISCUSSION

The present case deals with whether CH can relitigate the Bankruptcy Court Judge's discretionary abstention pursuant to section 1334(c)(1),[8] which was not appealed, through two separate and subsequent actions. This Court finds that CH is collaterally estopped from relitigating the

---

7. For collateral estoppel to apply, the issue must have been: (1) raised in a previous lawsuit involving the same parties; (2) "actually litigated"; (3) "determined by a valid and binding final judgment"; and (4) "essential to the judgment." *Keystone Shipping Co. v. New England Power Co.,* 109 F.3d 46, 51 (1st Cir. 1997).

8. Section 1334(c)(1) permits a bankruptcy court "to abstain[ ] from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1). A court may discretionarily "abstain from hearing state law claims whenever appropriate 'in the interest of justice, or ... comity with state courts or respect for State law.'" *Gober v. Terra + Corp.,* 100 F.3d 1195, 1206 (5th Cir.1996)(quoting 28 U.S.C. § 1334(c)(1)); *Southmark Corp. v. Coopers & Lybrand,* 163 F.3d 925, 929 (5th Cir. 1999).

Bankruptcy Court Judge's abstention. Additionally, this Court finds that under the abuse of discretion standard, the Bankruptcy Judge's abstention was proper.

### 1. *Collateral Estoppel*

■ We first discuss the pertinent doctrine in the case at hand, namely, collateral estoppel or issue preclusion. The doctrine of issue preclusion is a branch of res judicata, which is the umbrella term.[9] *Aristud–Gonzalez v. Gov't Dev. Bank,* 501 F.3d 24, 27 (1st Cir.2007). The doctrines of res judicata and collateral estoppel preclude re-litigation of claims and/or issues, which have been or could have been litigated in a prior judicial action for which judgment has been rendered. *Baez–Cruz v. Municipality of Comerio,* 140 F.3d 24 (1st Cir. 1998); *Apparel Art International, Inc. v. Amertex Enterprises Ltd.,* 48 F.3d 576 (1st Cir.1995). The First Circuit has indicated that "res judicata operates as an absolute bar to the relitigation of the same cause of action between parties (or their privies) and that a prior judgment rendered on the merits is conclusive not only to the issues which were determined but as to all matters which might have been determined as well." *Westcott Constr. Corp. v. Firemen's Fund,* 996 F.2d 14, 16 (1st Cir.1993)(quoting *Griffin v. State of R.I.,* 760 F.2d 359, 360 (1st Cir.1991)).

■ Res judicata applies when a final judgment on the merits of the case has been issued and there is sufficient identity between the parties and the causes in both suits. *Ortiz–Cameron v. Drug Enforcement Admin.,* 139 F.3d 4, 5 (1st Cir.1998) (citations omitted). Accordingly, pursuant to federal res judicata principles, the previous judgment has become the law of the case, and the Court is barred from addressing the issue for a second time. *United States v. Mendoza,* 464 U.S. 154, 158, 104 S.Ct. 568, 78 L.Ed.2d 379 (1984)("[O]nce a court has decided an issue of fact or law necessary to its judgment, that decision is conclusive in a subsequent suit based on a different cause of action involving a party to the prior litigation.").

■ Now, as to issue preclusion, "[t]he principle of collateral estoppel, or issue preclusion, bars relitigation of any factual or legal issue that was actually decided in previous litigation 'between the parties, whether on the same or a different claim'". *Keystone Shipping Co. v. New England Power Co.,* 109 F.3d 46, 51 (1st Cir.1997) (citations omitted). The purpose of issue preclusion doctrine is to prevent a party from relitigating an issue where there has been full and fair litigation, including an opportunity to appeal. *In re Kane,* 254 F.3d 325, 329 (1st Cir.2001); *Nutter v. Monongahela Power Co.,* 4 F.3d 319, 321–22 (4th Cir.1993).

■ The preclusive effect of a bankruptcy court's ruling is determined by federal law. *Monarch Life Ins. Co. v. Ropes &*

---

**9.** This District has explained the difference between res judicata and collateral estoppel: In general, the doctrines of res judicata and collateral estoppel serve important purposes. They prevent the waste of judicial and party resources through vexatious and multiple lawsuits and encourage the rendering of consistent, reliable adjudications. While the two doctrines have differences, it is important to remember that they are related and many concepts are applicable to both doctrines. There are differences, however, Res judicata refers to claim preclusion, and prevents the same parties from relitigating claims which have been adjudged finally on the merits. Collateral estoppel is related to res judicata, but its focus is narrower and its preclusive effect wider. Referred to as issue preclusion, this doctrine prevents relitigation in a later suit of an issue of fact or law necessary to a final judgment in a prior suit on a different cause of action. *Esteves v. Ortiz Alvarez,* 678 F.Supp. 963, 965 (D.P.R.1988).

*Gray,* 65 F.3d 973, 978 (1st Cir.1995). On this score, the First Circuit follows the general approach of the Restatement (Second) of Judgments, which establishes that an issue "actually litigated and determined by a valid and final judgment," if "essential" to the judgment, binds the same parties in any subsequent action, "whether on the same or a different claim." *In re Kane,* 254 F.3d 325, 328 (1st Cir.2001); *Hoult v. Hoult,* 157 F.3d 29, 31 (1st Cir. 1998).

In the case at bar, the first requirement of the collateral estoppel doctrine is met because the parties affected by the Bankruptcy Court's decision to abstain are the same. Said decision binds among other parties CH and Comité. Furthermore, CH and Comité are parties that would be affected if this Court granted CH's Restated Motion and request for injunctive relief. However, the "same party" requirement is but one of the elements that must be present in order for the issue preclusion doctrine to apply. In order for the collateral estoppel doctrine to apply, two other requirements must be met. Namely, the Bankruptcy Court's discretionary abstention must be a final judgment, and the abstention decision must be "essential" to the judgment. *See Hoult,* 157 F.3d at 31–32. Thus, it is imperative that we next discuss if the Bankruptcy Court's discretionary abstention order is a final judgment for purposes of the issue preclusion doctrine.

An issue is a final judgment for purposes of issue preclusion if it was "actually litigated and determined." *In re Kane,* 254 F.3d at 329. "[A]ctual litigation and determination involves something more than having an issue resolved as a result of some determinative legal doctrine that short-circuits the merits." *Id.* "As examples of issues not actually litigated, the Restatement points to situations where a matter is stipulated, admitted without controversy, or determined by default leading to the entry of judgment." *Id.* (internal citations omitted). "In all of these situations, there has been no judicial decision on the merits, and issue preclusion does not apply, unless it can be shown (as by a stipulation) that the relevant parties intended otherwise." *Id.* (internal citations omitted).

An example of when a judgment is final for issue preclusion purposes can be ascertained from *Lars, Inc. v. Taber Partners I, LLC,* 2006 WL 4767299, 2006 U.S. Dist. LEXIS 96753 (D.P.R.2006). In *Lars,* this Court examined the applicability of the collateral estoppel doctrine to Plaintiffs' Motion for Summary Judgment, which questioned the validity of an assignment of a concession agreement to Defendant. The Bankruptcy Court assigned the concession agreement to Defendant and Plaintiff failed to timely object to said order. *Id.* This Court held that the collateral doctrine applied and, since the Bankruptcy Court order was final, Plaintiff was precluded from objecting to the assignment through its Motion for Summary Judgment. *Id.*

The applicability of the issue preclusion doctrine to section 1334(c)(1) abstentions has yet to be examined by a Court of Law.[10] Nonetheless, the collateral estoppel

---

**10.** District Courts have reviewed a Bankruptcy Court's decision to abstain pursuant to section 1334 under the abuse of discretion standard and have not found it necessary to apply the collateral estoppel doctrine. *See In re Middlesex Power Equip. & Marine, Inc.,* 292 F.3d 61, 70 (1st Cir.2002); *In re Chicago,* *M. & St. P. & Pac. R.R.,* 6 F.3d 1184, 1189 (7th Cir.1993); *BWP Gas, LLC v. GHK Co., LLC,* 354 B.R. 701, 705 (D.Pa.2006). However, those cases are distinguishable from the case at hand because in the aforementioned cases, the appellant timely appealed the Bankruptcy Court's decision to abstain. In

doctrine has been utilized in *Younger*-type abstention issues. *See Grieve v. Tamerin,* 269 F.3d 149, 153 (2d Cir.2001). Similar to Bankruptcy Court abstentions under 28 U.S.C. § 1334(c)(1), which permit Bankruptcy Judges to discretionarily "abstain from hearing state law claims whenever appropriate 'in the interest of justice, or . . . comity with state courts or respect for State law.,'" *Younger* type abstentions are also based on principles of comity. *See Rossi v. Gemma,* 489 F.3d 26, 34 (1st Cir.2007). The *Younger* doctrine instructs federal courts not to "interfere with ongoing state-court litigation, or, in some cases, with state administrative proceedings." *Id.; Maymo–Melendez v. Alvarez–Ramirez,* 364 F.3d 27, 31 (1st Cir.2004); *see also Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 431, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982).

In *Grieve v. Tamerin,* 269 F.3d 149 (2d Cir.2001), the Second Circuit entertained a case dealing with the applicability of the doctrine of issue preclusion to *Younger* type abstentions. In *Grieve,* Plaintiff filed two federal actions in separate District Courts seeking relief from a state court's decision granting temporary custody of his child to his ex-wife and mother of the child. *Id.* One of the District Courts, where Plaintiff petitioned for relief, held that the *Younger* doctrine mandated that the Court abstain from adjudicating Plaintiff's claim. *Id.* Plaintiff did not appeal the Court's adverse ruling. Afterwards, the matter was brought to the Second Circuit

Courts attention. *Id.* The Circuit Court held that Plaintiff's failure to contest the District Court's *Younger* type abstention made that decision final and, by operation of collateral estoppel, conclusive on the issue of *Younger* abstention in the other District Court action.[11] *Id.* at 154. Thus, a dismissal on *Younger* abstention grounds constitutes a final judgment on the merits for collateral estoppel purposes. *Id.* at 153; *see also Pascazi v. Angello,* 2007 WL 2914377, 2007 U.S.App. LEXIS 23386 (2d Cir.2007).

■ In the case at bar, similar to *Grieve* and *Lars,* CH was given the opportunity to both attempt to persuade the Bankruptcy Court of the impropriety of its discretionary abstention pursuant to section 1334(c)(1) and to appeal the Courts adverse ruling. However, CH did not appeal. Consequently, there is a final judgment with regards to the Bankruptcy Judge's abstention subject to no further review. Furthermore, we need not discus if the abstention was "conclusive" or "essential" to the judgment because the abstention was the only issue determined by the Bankruptcy Court's decision. As such, this Court finds that for purposes of the issue preclusion doctrine, the Bankruptcy Court's abstention is "essential."

Thus, all the elements of the issue preclusion doctrine are met: 1) there is a final judgment between the same parties and 2) the abstention is the "essential" determination of the final judgment. Thus, the doctrine of issue preclusion, collaterally es-

---

the case at bar, Appellant failed to timely appeal a Bankruptcy Court's order discretionarily abstaining and seeks to re-litigate said issue by appealing an order denying a request for injunctive relief and an order denying the "Restated Motion to Assume Lease Contract." Thus, unlike the aforementioned cases, it is necessary that we analyze the applicability of the issue preclusion doctrine to the present case.

11. Specifically, the Circuit Court noted that when the District Court's *Younger* abstention decision became final and subject to no further review, finally determining the propriety of a federal court's abstention in favor of the state court's adjudication, it conclusively established that principle between the parties. *Grieve v. Tamerin,* 269 F.3d 149, 154 (2d Cir.2001).

tops CH from furthering asserting that the Bankruptcy Court erred in abstaining under section 1334(c)(1).

If CH wished to contend that the Bankruptcy Court was wrong in discretionarily abstaining, its remedy was to appeal. CH cannot come now before this Court and request that it review a final and binding decision of the Bankruptcy Court by appealing said Court's orders denying CH's "Restated Motion to Assume Lease Contract" and request for injunctive relief.[12] When CH failed to appeal the Bankruptcy Court's Opinion and Order of January 12, 2006, (See Docket No. 78, Case No. 05–06118), it became final and, by operation of collateral estoppel, conclusive on the merits of the appeals of Bankruptcy Court's orders denying CH's "Restated Motion to Assume Lease Contract" and request for injunctive relief.

Additionally, this Court notes that the issue preclusion doctrine "has the dual purpose of protecting litigants from the burden of re-litigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Currently, CH is actively litigating the validity of the lease contract in the State Courts. Thus, the purpose of the collateral estoppel doctrine is met in denying CH's request because it prevents the re-litigation of the validity of the lease contract.

### 2. *Abuse of Discretion Standard*

■ We interestingly note that if this Court would have found that the doctrine of collateral estoppel did not apply in the case at bar, the Bankruptcy Court's discretionary abstention would be reviewed under the abuse of discretion standard.[13]

12. The Bankruptcy Court denied CH's "Restated Motion to Assume Lease Contract" and request for injunctive relief because it would contravene its January 12, 2006 decisions in the underlying bankruptcy case of discretionarily abstaining from considering the validity of the lease agreement until that matter is finally decided by the Courts of the Commonwealth of Puerto Rico. (Docket No. 29, Case No. 06–00050 and Docket No. 128, Case No. 05–0618).

13. For bankruptcy cases commenced after the 1994 amendments to the bankruptcy law, decisions either to abstain or not to abstain are not, with very limited exceptions, reviewable on appeal to Circuit Courts. *Id.* The Bankruptcy Code, 28 U.S.C. § 1334(d), makes clear that:

> any decision of the district court to abstain or not to abstain made under this subsection (other than a decision not to abstain in a proceeding described in subsection (c)(2)) is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

As section 1334(d) now stands, "appeals of decisions not to exercise mandatory absten-

tion pursuant to § 1334(c)(2) are explicitly permitted" *Stoe v. Flaherty*, 436 F.3d 209, 212 (3d Cir.2006), however, Circuit Courts are barred from entertaining appeals of decisions involving permissive abstention pursuant to 28 U.S.C. § 1334(c)(1). *Foss v. Hall County Child Support Office*, 186 Fed.Appx. 702 (8th Cir.2006); *Cody, Inc. v. County of Orange*, 338 F.3d 89, 97 (2d Cir.2003); *Bristol Res. 1994 Acquisition Ltd. P'ship*, 333 F.3d 608, 611 (5th Cir.2003); *Energy Income Fund, L.P. v. Estes*, 33 Fed.Appx. 418, 421 (10th Cir.2002); *Allied Signal Recovery Trust v. Allied Signal, Inc.*, 298 F.3d 263, 269 (3d Cir.2002).

However, the Circuit Courts generally do not provide guidance on the District Court's standard of review of a bankruptcy court's decision to permissively abstain, given that such decisions are not reviewable in the Circuit Courts. 28 U.S.C. § 1334(d). *BWP Gas, LLC v. GHK Co., LLC*, 354 B.R. 701, 705 (D.Pa.2006). This Court is not the "court of appeals" referred to in sections 1334(d) and, therefore, is not barred from considering the Bankruptcy Court's decision to permissively abstain pursuant to section 1334(c)(1). 28 U.S.C. § 1334(d); *Id.; In re Federal–Mogul Global, Inc.*, 300 F.3d 368, 388–89 (3d Cir. 2002); *BancBoston Real Estate Capital Corp.*

*See In re Middlesex Power Equip. & Marine, Inc.,* 292 F.3d 61, 69 (1st Cir.2002); *Gober v. Terra + Corp.,* 100 F.3d 1195, 1207 (5th Cir.1996); *In re Pan Am. Corp.,* 950 F.2d 839, 844 (2d Cir.1991). In a case that falls into the categories outlined in section 1334(c)(1), bankruptcy "courts have broad discretion to abstain from hearing state law claims whenever appropriate 'in the interest of justice, or in the interest of comity with State courts or respect for State law.'" *Gober,* 100 F.3d at 1206(citing 28 U.S.C. § 1334(c)(1)).

The statute itself delineates "three ... criteria to determine whether abstention is appropriate": the interests of justice, comity, and respect for state law. *In re Middlesex Power Equip. & Marine, Inc.,* 292 F.3d at 69–70(quoting *In re Pan Am. Corp.,* 950 F.2d at 845). Other circuits have considered several factors in the determination of whether permissive abstention is appropriate, including: "the extent to which state law issues predominate over bankruptcy issues"; "the presence of a related proceeding commenced in state court or other non bankruptcy court"; and "the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties." *See In re Chicago, Milwaukee, St. Paul & Pac. R.R. Co.,* 6 F.3d 1184, 1189 (7th Cir.1993); *In re Tucson Estates, Inc.,* 912 F.2d 1162, 1166–67 (9th Cir.1990)(internal quotations omitted); *see also In re Chicago, Milwaukee, St. Paul & Pac. R.R. Co.,* 6 F.3d at 1189.

 In the present case, permissive abstention is appropriate because there is an ongoing proceeding in the Puerto Rico State Court dealing with the validity of the lease agreement where state law issues predominate over bankruptcy issues. Thus, in our view, we alternatively hold

*v. JBI Assocs. Ltd. Pshp.,* 227 B.R. 569, 575

that the Bankruptcy Court arrived at a sound and supportable decision to abstain.

In conclusion, CH is collaterally estopped from relitigating the Bankruptcy Judge's discretionary abstention. Furthermore, after reviewing the Bankruptcy Court discretionary abstention under the abuse of discretion standard, this Court alternatively finds that the Bankruptcy Judge's abstention was appropriate. Holding otherwise would be against the interests of justice, comity, and respect for state law.

## CONCLUSION

For the reasons stated above, this Court **GRANTS** Comité's Motion to Dismiss. (Docket No. 16). Accordingly, CH's appeals of the Bankruptcy Court's Opinions and Orders in Case 05–06118(ESL) and Case 06–00050(ESL) are hereby **DISMISSED.** Judgment shall be entered accordingly.

IT IS SO ORDERED.